UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND; IBEW LOCAL UNION NO. 100 HEALTH AND WELFARE TRUST FUND; JOINT ELECTRICAL INDUSTRY TRAINING TRUST FUND; NATIONAL ELECTRICAL BENEFIT FUND; and BOARD OF TRUSTEES OF IBEW DISTRICT NO. 9 PENSION PLAN TRUST FUND,<br><br>            Plaintiffs,<br><br>    v.<br><br>WILLIAM CHARLES PORGES, individually and doing business as ACCELERATED ELECTRIC,<br><br>            Defendant. | 1:09-cv-2170 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 3/7/11<br><br>Non-Dispositive Motion Filing Deadline: 3/25/11<br><br>Non-Dispositive Motion Hearing Date: 4/29/11 9:00 Ctrm. 10<br><br>Dispositive Motion Filing Deadline: 4/18/11<br><br>Dispositive Motion Hearing Date: 5/23/11 10:00 Ctrm. 3<br><br>Settlement Conference Date: 2/16/11 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 7/11/11 11:00 Ctrm. 3<br><br>Trial Date: 8/23/11 9:00 Ctrm. 3 (JT-TBD days) |

I.   Date of Scheduling Conference.

    April 21, 2010.

II.  Appearances Of Counsel.

    Kimble, MacMichael & Upton by Henry Y. Chiu, Esq., appeared

1

1  on behalf of Plaintiffs.
2      Marks Golia & Finch LLP by Chad T. Wishchuk, Esq., appeared
3  on behalf of Defendant.
4  III.  Summary of Pleadings.
5      1.   Plaintiffs contend that Defendant is bound by a
6  Collective Bargaining Agreement between the International
7  Brotherhood of Electrical Workers Local Union 100 (IBEW Local
8  100) and the East Central California Chapter of the National
9  Electrical Contractors Association, which obligates Defendant,
10 among other things, to transmit monthly contribution reports and
11 contributions to Plaintiffs, and comply with various Trust
12 Agreements.  Plaintiffs further contend that, beginning August
13 2009 and continuing through the present, Defendant performed
14 covered services within the jurisdiction of IBEW Local 100, but
15 failed to remit the required contributions.  Since Defendant has
16 failed to transmit all of the required monthly reports,
17 Plaintiffs cannot ascertain the total amount of contributions
18 owed at this time.  Plaintiffs have therefore filed the present
19 action for an accounting of Defendant's records, and to recover
20 all contributions owed by Defendant to Plaintiffs - along with
21 the liquidated damages, interest, costs and attorneys' fees
22 permitted by the Collective Bargaining Agreement.
23     2.   Defendant denies owing contributions or other amounts.
24 IV.  Orders Re Amendments To Pleadings.
25     1.   Plaintiffs do not currently anticipate any amendments.
26 Defendant intends to amend and IT IS ORDERED that Defendant's
27 Amended Answer be filed forthwith.  Plaintiffs reserve the right,
28 and the parties stipulate, that once the proper parties Defendant

have become identified, as to the contracting party or parties, that the complaint shall be amended.

V.    Factual Summary.

    A.    Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.    Plaintiffs, Boards of Trustees of IBEW Local Union No. 100 Pension Trust Fund, IBEW Local Union No. 100 Health & Welfare Trust Fund, Joint Electrical Industry Training Trust Fund, National Electrical Benefit Fund, and Board of Trustees of IBEW District No. 9 Pension Plan Trust Fund, are labor organizations within the meaning of the National Labor Relations Act.

        2.    Defendant, William Charles Porges, is an individual.

        3.    Defendant, Accelerated Electric, is a corporation that does business under the fictitious name styled Accelerated Electric. The corporation is Porges Enterprises, Inc., incorporated and doing business in the State of California.

        4.    William Charles Porges is an owner of Accelerated Electric.

        5.    Plaintiffs contend that there is a Collective Bargaining Agreement and that each Trust Fund has a separate agreement, all requiring contributions.

        6.    Defendant is unable to respond at this stage of the litigation whether and to what extent contracts obligate an appropriate party defendant to make any contributions.

    B.    Contested Facts.

        1.    Hours claimed worked for which contributions are

3

1  owed, if any.
2          2.   The nature and extent of amounts claimed owed, if
3  any.
4          3.   All remaining facts are disputed.
5  VI.  Legal Issues.
6      A.   Uncontested.
7          1.   Jurisdiction exists under 28 U.S.C. § 1331 and the
8  National Labor Relations Act.
9          2.   Venue is proper under 28 U.S.C. § 1391.
10         3.   Federal law governs this labor contract dispute.
11     B.   Contested.
12         1.   All remaining legal issues are disputed.
13 VII. Consent to Magistrate Judge Jurisdiction.
14     1.   The parties have not consented to transfer the
15 case to the Magistrate Judge for all purposes, including trial.
16 VIII.    Corporate Identification Statement.
17     1.   Any nongovernmental corporate party to any action in
18 this court shall file a statement identifying all its parent
19 corporations and listing any entity that owns 10% or more of the
20 party's equity securities.  A party shall file the statement with
21 its initial pleading filed in this court and shall supplement the
22 statement within a reasonable time of any change in the
23 information.
24 IX.  Discovery Plan and Cut-Off Date.
25     1.   The parties anticipate the full course of discovery
26 provided by the Federal Rules of Civil Procedure, e.g., mandatory
27 disclosures, interrogatories, requests for admission, requests
28 for production of documents, the depositions of Defendant,

4

representatives of Plaintiffs, and their witnesses and experts, and any other discovery required, depending upon issues that may arise during the course of this action.  However, as Defendant has filed a general denial pursuant to FRCP Rule 8(b)(3), Plaintiffs may need to conduct discovery in excess of the limits normally permitted by the FRCP or Local Rules.  Plaintiffs' counsel has transmitted a meet-and-confer letter to Defendant's counsel concerning the general denial, and offered to stipulate to Defendant's filing of an amended answer.  Defendant previously indicated that he intended to amend the answer prior to this Scheduling Conference.  In the event Defendant fails to do so, or the amended answer remains deficient, Plaintiffs reserve their right to move the Court for an order to conduct additional discovery concerning the denials.

       2.   The parties agree that they shall file their initial disclosures pursuant to Rule 26(a) on or before May 7, 2010.

       3.   The parties are ordered to complete all discovery on or before March 7, 2011.

       4.   The parties are directed to disclose all expert witnesses, in writing, on or before January 17, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before February 17, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in

compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

     5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before March 25, 2011, and heard on April 29, 2011, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than April 18, 2011, and will be heard on May 23, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   July 11, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-

Trial Statement pursuant to Local Rule 281(a)(2).

  3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

  1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

  1. August 23, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

  2. This is a jury trial.

  3. Counsels' Estimate Of Trial Time:

    a. The parties are unable to estimate the time required for trial.

  4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

  1. A Settlement Conference is scheduled for February 16, 2011, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

  2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons

having full authority to negotiate and settle the case on any terms at the conference.

3.  Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.  Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.  The Confidential Settlement Conference Statement shall include the following:

   a.  A brief statement of the facts of the case.

   b.  A brief statement of the claims and

1  defenses, i.e., statutory or other grounds upon which the claims
2  are founded; a forthright evaluation of the parties' likelihood
3  of prevailing on the claims and defenses; and a description of
4  the major issues in dispute.
5      c.   A summary of the proceedings to date.
6      d.   An estimate of the cost and time to be
7  expended for further discovery, pre-trial and trial.
8      e.   The relief sought.
9      f.   The parties' position on settlement,
10 including present demands and offers and a history of past
11 settlement discussions, offers and demands.
12 XV.  Request For Bifurcation, Appointment Of Special Master,
13 Or Other Techniques To Shorten Trial.
14     1.   At this time, Plaintiffs intend to resolve any issues
15 concerning its right to audit Defendant's records by way of
16 summary adjudication.  In the event Plaintiffs do not seek
17 summary adjudication of this issue, or do not prevail on this
18 issue at the hearing, it may be appropriate to bifurcate the
19 trial to first ascertan Plaintiff's right to audit, and then to
20 ascertain the amount owed once the audit has been conducted.
21 XVI. Related Matters Pending.
22     1.   There are no related matters.
23 XVII.     Compliance With Federal Procedure.
24     1.   The Court requires compliance with the Federal
25 Rules of Civil Procedure and the Local Rules of Practice for the
26 Eastern District of California.  To aid the court in the
27 efficient administration of this case, all counsel are directed
28 to familiarize themselves with the Federal Rules of Civil

Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   April 21, 2010                      /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE